UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

February 10, 2012

Lawrence P. DeMuth, Esq.
Mignini & Raab, LLP
The Prudential Building
2015 Emmorton Road Suite 202
Bel Air, MD  21015

Alex S. Gordon, AUSA
36 S. Charles Street
4th Floor
Baltimore, MD  21201

   **Re: Bobby Lee Adkins v. Michael J. Astrue, Commissioner of Social Security, PWG-10-887**

Dear Counsel:

   Presently pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Plaintiff Bobby Lee Adkins' claims for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (ECF Nos. 9, 13, 18).  Plaintiff also filed a response to Defendant's Motion. (ECF No. 19).  This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6.  For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Motion for Remand.

   Mr. Bobby Lee Adkins (sometimes referred to as "Mr. Adkins", "Claimant", or "Plaintiff") applied for SSI and DIB on August 24, 2006, alleging that he was disabled as of June 1, 2001, due to depression, arthritis, asthma, post traumatic

1

stress disorder ("PTSD"), and thyroid issues.(Tr. 16, 107, 134). His claims were denied initially and upon reconsideration. (Tr. 67-70). After a hearing before an Administrative Law Judge, Melvin D. Benitz,("ALJ"), the ALJ denied Mr. Adkins' claims and concluded in a decision dated September 16, 2008, that Claimant suffered from depression, PTSD, arthritis, and asthma and that they were "severe" impairments.  The ALJ found, however, that these impairments did not meet or medically equal any of the Listing of Impairments ("LOI").  The ALJ found that Mr. Adkins retained the residual functional capacity ("RFC") to perform a range of light work[1]. (Tr. 16-18).  Based on his RFC, the ALJ found that Mr. Adkins was precluded from performing his past relevant work ("PRW").  After receiving testimony from a vocational expert ("VE"), the ALJ found that there were jobs available in the national and local economies, existing in substantial numbers, which Mr. Adkins could perform[2] and accordingly, he was not disabled.(Tr. 13-29).  On April 3, 2008, the Appeals Council denied Claimant's request for review, making his case ready for judicial review. (Tr. 5-8).

Claimant argues, *inter alia,* that the ALJ failed adequately to consider the medical opinions, in particular the opinions of his treating psychiatrist, Dr. George Rever.  As explained below, based on the record before me, I am unable to conclude that the ALJ's decision is supported by substantial evidence, and therefore DENY the Commissioner's Motion and GRANT the Plaintiff's Motion for Remand.

---

[1] The ALJ stated Mr. Adkins could perform simple, unskilled low concentration, low stress, low memory, light work, and that he could lift 20 pounds occasionally, 10 pounds frequently, sit for 30 minutes, stand for 30 minutes, consistently on an alternate basis during an 8 hour day, 5 days a week. The ALJ also found Claimant was mildly limited with regard to push/pull in the left upper extremity, he could perform no overhead reaching, and had to avoid all exposure to heights and hazardous machinery. Finally the ALJ found that Claimant could not handle money and could have little interaction with the public, co-workers, or supervisors and had to avoid all exposure to dust, odors, chemicals, and pulmonary irritants. Finding No. 5. (Tr. 21).

[2] The ALJ found he could perform work as a pre-assembler for circuit boards, and as an assembler. (Tr. 27).

Mr. Adkins argues that the ALJ failed to consider the criteria of 20 C.F.R. § 404.1527(d)(1)-(6) in evaluating the weight to be given the opinion of his treating psychiatrist, Dr. George Rever, and the physician's assistant, Ms. Andrea Hoffman, PAC. *See* Pl.'s Mot., p. 16-19. For the reasons that follow, I agree.

20 C.F.R. § 404.1527(d) requires the ALJ to give a treating physician's opinion controlling weight if two conditions are met: (1) it is supported by medically acceptable clinical and laboratory diagnostic techniques and (2) it is not inconsistent with the other substantial evidence in the record. *See Craig v. Chater*, 76 F.3d 585, 590 (4th Cir. 1996). When the ALJ determines that a treating physician's opinion is not entitled to controlling weight, the ALJ must determine what weight, if any, to give it and must also give "specific reasons" supporting his determinations. SSR 96-2Pp (1996 WL 374188, *5). Further, the ALJ must consider various factors in determining what weight should be given to the psychiatrist's opinions including: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the Secretary's attention which tend to support or contradict the opinion. 20 C.F.R. 404.1527(d)(2)(i),(d)(2)(ii)(3)-(6); *See also* SSR 96-5p; SSR 96-2p[3].

---

[3] Social Security Ruling 96-2p, in relevant part, states: Adjudicators must remember that a finding that a treating source medical opinion is not well-supported by medically acceptable clinical and laboratory diagnostic techniques or is inconsistent with the other substantial evidence in the case record **means only that the opinion is not entitled to "controlling weight," not that the opinion should be rejected. Treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 CFR 404.1527 and 416.927.** In many cases, a treating source's medical opinion will be entitled to the greatest weight and should be adopted, even if it does not meet the test for controlling weight. SSR 96-2p.

After review of the record and the ALJ's decision, it is apparent that the ALJ failed to discuss the applicable standard. Dr. Rever was a member of Choptank Community Health Center, where the Claimant was treated for depression and other ailments, over a period of 5 years.  In contrast, the state agency physician, Dr. Moore--whose report the ALJ afforded significant weight--never examined the Claimant. (Tr. 186-221, 264-274, 328-341).  Ms. Andrea Hoffman PAC, also treated Mr. Adkins at Choptank Community Health System examining him at least seventeen different times.  (Tr. 186-221).  Dr. Rever and Ms. Hoffman primarily treated Mr. Adkins for mental ailments, but he also was treated for physical ailments including flu symptoms, asthma, and shoulder pain.   Dr. Rever and Ms. Hoffman monitored the prescription medications Claimant took, including Lexapro and Zoloft, for anxiety and depression, and Albuterol for asthma.  (Tr. 186, 191, 193, 219).   In rejecting Doctor Rever's opinions regarding Claimant's mental limitations the ALJ stated:

> "[t]he undersigned assigns little weight to Dr. Rever's opinion (Exhibit 19F). Dr. Rever's opinion is not accompanied by treatment notes to test his conclusions against claimant's ongoing progress with care.  The medical record reveals that claimant has enjoyed improvement regarding his mental impairment with ongoing use of mental medications. However, the claimant's improvement is in stark contrast to Dr. Rever's opinion, which without treatment notes to review, is unexplained. (Tr. 26).

The ALJ declined to give any weight to Dr. Rever's opinion based on the erroneous belief that there were no treatment notes to review. (Tr. 26, 328-340).  However there are treatment records from Dr. Rever's office in the administrative record.  While the majority, if not all of them, were signed by Ms. Hoffman, the physician's assistant, these were records from Dr. Rever's office, Choptank Community Health System. (Tr. 23).  Therefore, I am not able to say the ALJ's decision to reject Dr. Rever's opinions is supported by substantial evidence.

The ALJ acknowledged Ms. Hoffman qualified as an "other source" medical provider as defined in the Commissioner's

4

Regulation 404.1513(d)[3], but then stated that he accorded her opinions little weight on the basis that:

> [s]he is not a physician and any opinion she renders is not based upon years of training as a physician. This is especially relevant when the medical professional is rendering an opinion regarding disability because opinions regarding a claimant's ability to work are administrative findings and as such are reserved to the Commissioner. (SSR 96-5p). (Tr. 25).

Ms. Hoffman provided treatment to Mr. Adkins' for his depression and her notes did not contain any assessments of his abilities to perform work, as the ALJ's decision implies (Tr. 25, 217). Rather, her notes stated she would discuss with Dr. Rever whether Mr. Adkins' depression was disabling him. Regardless, the ALJ's reasoning failed to recognize that her opinions may be used to show the severity of Mr. Adkins' impairments, and how they affect his ability to work, and may be entitled to controlling weight. Social Security Ruling 06-03p, in relevant part, states "...although the factors in 404.1527(d) explicitly apply only to the evaluation of medical opinions from "acceptable medical sources" these same factors can be applied to opinion evidence from "other sources"... **depending on the particular facts of the case and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of "an acceptable medical source," including the medical opinion of a treating source.**" SSR 06-03p (2006 WL 2329939) (S.S.A.)(emphasis supplied).

Finally, Claimant argues that the Appeals Council was required to explain how it considered the evidence submitted after the ALJ issued his decision and the failure independently warrants a remand. *See* Plaintiff's Mem. pp. 13-16. (Exhibit 20-F, Tr. 341-354).

---

[3] The Regulations provided that "other sources" include, but are not limited to, nurse-practitioners, physicians' assistants, naturopaths, chiropractors, audiologists, and therapists. 20 C.F.R. 404.1513(d)(1).

5

However, as this Court stated in *Waters v. Astrue,* 495 F. Supp.2d 512,514(D. Md. 2007),

> "to the extent that my decision in *Hawker* is read as having departed from the standard of review set forth in *Wilkins* by mandating that a remand must always follow whenever the Appeals Council fails to explain how it evaluated new evidence presented to it, regardless of whether this evidence could have changed the outcome when considered with the evidence produced before the ALJ, it should no longer be followed as *Wilkins* is controlling."

That being said, this case is being remanded on other grounds, and the ALJ will now have the opportunity to review all the evidence, including the evidence that was accepted and incorporated into the record by the Appeals Council. (Tr. 341-354)

Thus, for the reasons given, this Court GRANTS Mr. Adkins' Motion for Remand and DENIES the Commissioner's Motion for Summary Judgment. A separate Order shall issue.

                                                  _____/s/_____
                                                  Paul W. Grimm
                                                  United States Magistrate Judge